IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARON SCOTT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT WILKIE,<br><br>　　　　　Defendant. | CIVIL ACTION<br>NO. 19-5136 |

## OPINION

**Slomsky, J.**                                                          **May 9, 2023**

## I.    INTRODUCTION

On November 1, 2019, pro se Plaintiff Caron Scott filed this action against Defendant Robert Wilkie, Secretary of the Department of Veterans Affairs' ("Defendant"), alleging racial discrimination and retaliation by the management at the Department of Veterans Affairs' ("DVA"). (Doc. No. 1 at 2-3.)  In her Complaint, Plaintiff brings claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ('Title VII') and the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 ("ADA"), alleging that Defendant discriminated against her on the basis of her race by: 1) termination of her employment; 2) failure to promote her; 3) failure to reasonably accommodate her disability; 4) failure to stop harassment; 5) unequal terms and conditions of her employment; 6) retaliation for alleging discriminatory treatment; and 7) retaliation for whistleblower activity.  (Id.)

On January 3, 2020, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies.  (Doc. No. 8.)  On January 27, 2020, Plaintiff filed a Memorandum in Opposition.  (Doc. No. 9.)  Defendant's Motion to Dismiss is now ripe for disposition.  For reasons that follow, Defendant's Motion to Dismiss will be granted in its entirety.

## II.     FACTUAL BACKGROUND

Viewing the facts alleged in the Complaint as true, Plaintiff has asserted the following facts in this case.  Plaintiff was an Advanced Medical Support Assistant at the DVA Medical Clinic in Philadelphia.  (Doc. No. 1 at 6.)    During her employment, Plaintiff experienced racial discrimination and retaliation by Defendant.  (Id. at 3.)  Plaintiff states that, to the best of her recollection, the alleged acts of discrimination took place on March 21, 2018, when Defendant sent her a proposed Notice of Removal from her position at the DVA Medical Clinic pursuant to 38 U.S.C. § 714.[1]  (Id. at 3, 12.)  On April 19, 2018, this proposed Notice of Removal was mitigated to a reprimand.  (Id. at 12.)

On June 5, 2018, Plaintiff contacted a counselor at the Equal Employment Opportunity office ("EEO") of the DVA to report Defendant's alleged treatment of her.[2]  (Id. at 4.)  On the same day, she received a response of acknowledgement by the EEO investigator.  (Id. at 11.)  On July 3, 2018, the EEO investigator at the DVA's Office of Resolution Management ("ORM") dismissed the complaint pursuant to 29 C.F.R. § 1614.107(a)(2) because Plaintiff did not contact the EEO counselor within 45 days of March 21, 2018, the date of the alleged discriminatory event.  (Id. at 12.)  Plaintiff also failed to provide a valid reason as to why she had not contacted the EEO counselor within the required 45 days.  (Id.)  Next, on July 13, 2018, Plaintiff filed a formal EEO Complaint, which the DVA dismissed.  (Id.)  Plaintiff requested reconsideration from the Equal

---

[1]   38 U.S.C. § 714 governs procedures for removing, demoting, or suspending DVA employees based on performance or misconduct.  Plaintiff alleges that the Notice of Removal was issued in reprisal for prior protected EEO activity.  (Doc. No. 1 at 6.)

[2]   29 C.F.R. § 1614.105(a)(1) governs pre-complaint processing for federal employees alleging Title VII and ADA claims.  To timely exhaust administrative remedies under the regulation, a federal employee must initiate contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).

Opportunity Employment Commission ("EEOC"), which was denied on August 2, 2019.  (Id. at 6-8.)

On November 1, 2019, Plaintiff filed the instant action.  (Doc. No. 1.)  Defendant contends that the claims in the Complaint should be dismissed for failure to exhaust administrative remedies in accordance with Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to seek EEO counseling within 45 days of the alleged discrimination and retaliation, as required by 29 C.F.R. § 1614.105(a)(1).  (Doc. No. 8.)

## III.    STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Iqbal, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Iqbal, 556 U.S. at 678).

Both Title VII and the ADA require a plaintiff to timely exhaust administrative remedies before bringing a suit in federal court.  See Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."); see also Itiowe v. NBC Universal Inc., 556 F. App'x 126, 128 (3d Cir. 2014) ("[N]on-exhaustion constitutes a ground for dismissal [of an ADA

claim] for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6).").  Failure to timely exhaust administrative remedies is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Wadhwa v. Sec'y Dep't of Veterans Affs., 396 F. App'x 881, 885 (3d Cir. 2010); see also Itiowe, 556 F. App'x at 128.

Because Plaintiff filed her Complaint pro se, the Court will liberally construe the pleadings. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  The Court "will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."  Id. (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)).

## IV.   ANALYSIS

Defendant moves to dismiss the Complaint on the grounds that Plaintiff fails to state any claim upon which relief may be granted because Plaintiff failed to timely exhaust her administrative remedies and is not entitled to equitable tolling.  The Court will address each averment in turn and will grant Defendant's Motion to Dismiss.

### A.  Plaintiff Fails to State a Claim Upon Which Relief May be Granted

#### 1.  Plaintiff Did Not Timely Exhaust Administrative Remedies

Plaintiff's Complaint will be dismissed because she failed to timely exhaust administrative remedies for her claims of discrimination and retaliation pursuant to Title VII and the ADA.  To timely exhaust administrative remedies for Title VII and ADA claims, a federal employee must initiate contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." See 29 C.F.R. § 1614.105(a)(1); see also Smith v. Pallman, 420 F. App'x 208, 210 (3d Cir. 2011).

Here, Plaintiff claims that the alleged discriminatory conduct and retaliation occurred on March 21, 2018.[3]  (Doc. No. 1 at 3.)  Plaintiff did not initiate contact with an EEO counselor regarding her claims until 76 days later, on June 5, 2018.  (Id. at 4.)  This is beyond the 45-day time limit mandated by federal regulation.  See 29 C.F.R. § 1614.105(a)(1).  Because Plaintiff did not timely exhaust her administrative remedies by seeking EEO counseling within 45 days of the alleged discrimination and retaliation, her claims will be dismissed.

### 2.   Plaintiff is Not Entitled to Equitable Tolling

Plaintiff's Complaint also will be dismissed because she is not entitled to equitable tolling of the 45-day limitation within which to contact an EEO counselor.  The administrative exhaustion requirements under Title VII and the ADA are subject to equitable tolling.   In limited circumstances, "[t]he equitable tolling doctrine stops the statute of limitations from running where the accrual date has passed, and tolls the statute of limitations in light of equitable considerations." Scary v. Phila. Gas Works, 202 F.R.D. 148, 152 (E.D. Pa. 2001).  In Scary, the Third Circuit has identified six situations in which equitable tolling is appropriate:

> (1) where the plaintiff received inadequate notice of his right to file suit;
> (2) where a motion for appointment of counsel is pending;
> (3) where the court has misled the plaintiff into believing that he had done everything required of him;
> (4) where the defendant has actively misled the plaintiff;
> (5) where the plaintiff "in some extraordinary way" was prevented from asserting his rights; or
> (6) where the plaintiff timely asserted his rights in the wrong forum.

---

[3]   In her Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. No. 9), Plaintiff apparently implies that the date of the alleged discriminatory and retaliatory conduct was April 19, 2018.  (Id. at 7.)  But the date alleged by Plaintiff in her Complaint is March 21, 2018.  (Doc. No. 1 at 3.)  Even if the Court considered April 19, 2018 to be the date of the alleged conduct, Plaintiff still did not contact the EEO until 47 days later on June 5, 2018.  (Id. at 4.)  This date is still beyond the 45-day limitations period.

Id. (citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)).  But equitable tolling should be applied only in limited circumstances.  Seitzinger, 165 F.3d at 240 (noting that courts exercise caution in using the equitable tolling doctrine); see also Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable [tolling] only sparingly."); Bradford Hosp. v. Shalala, 108 F. Supp. 2d 473, 485 (W.D. Pa. 2000) ("It is well settled that 'courts must be sparing in their use of equitable tolling.'").  Plaintiff has the burden of showing that equitable tolling is appropriate.  Podobnik v. USPS, 409 F.3d 584, 591 (3d Cir. 2005).

Here, Plaintiff fails to show any basis for equitable tolling.  Plaintiff does not allege any facts relevant to the following situations identified by the Third Circuit:  1) she received inadequate notice of her right to file suit;  2) any motion for appointment of counsel was pending during the period within which she was required to contact an EEO counselor;  3) the Court misled her in any way;  4) Defendant misled her in any way; or  6) she timely asserted her rights in the wrong forum. (See Doc. No. 1.)  The only situation conceivably pertinent here is number five (5) above:  "where the plaintiff 'in some extraordinary way' was prevented from asserting [her] rights."  Scary, 202 F.R.D. at 152.  But Plaintiff fails to meet her burden on this situation.

Plaintiff claims she failed to contact an EEO counselor within the required 45-day period because she was "hospitalized on March 21, 201[8] for being served at work without prior notification for termination and no time to seek an attorney." (Doc. No. 9 at 3.)  Moreover, Plaintiff claims she was "in a black dark hole due to her MST/PTSD which is a direct connection to her service, being a 100% disabled veteran-permanent."  (Id.)  But these allegations are not sufficient to show Plaintiff was prevented in an extraordinary way from asserting her rights.

"To toll a statute of limitations for mental illness, plaintiff's illness must prevent her 'from managing [her] affairs and from understanding and acting on [her] legal rights.'" <u>Dougherty v. Henderson</u>, 155 F. Supp. 2d 269, 277 (E.D. Pa. 2001) (quoting <u>Powell v. Independence Blue Cross, Inc.</u>, 1997 WL 137198, at *5 (E.D. Pa. Mar. 26, 1997)) (further citations omitted). "[P]laintiff has a high bar to meet to make such a claim." <u>Id.</u> Here, Plaintiff does not sufficiently allege she was unable to manage her affairs or understand her legal rights. In fact, Plaintiff states:

> At the time of filing her EEOC, the plaintiff thought she had more time. Originally, Sunday, June 3, 2018 was the 45th day. June 4, 2018 turns into the 45th day because June 3, 2018 was on a Sunday. The plaintiff filed charges on June 5, 2018- one day late.

(Doc. No. 9 at 7.) This shows Plaintiff was aware that she needed to contact the EEO office within 45-days of the alleged discriminatory and retaliatory conduct. Plaintiff was not prevented from managing her affairs or understanding her legal rights, and therefore she was not prevented in an extraordinary way from asserting her rights due to her mental health. Because Plaintiff is not entitled to equitable tolling and she missed the 45-day deadline to contact the EEO regarding her claims, her Title VII and ADA claims will be dismissed.[4]

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. No. 8) will be granted. An appropriate Order will follow.

---

[4] The complaint should also be dismissed for failure to make proper service. Service solely on the U.S. Attorney's office is insufficient service of process on a government agency pursuant to Federal Rule of Civil Procedure 4(i).